APPEAL OF MARTIN BAND INSTRUMENT CO.

Docket No. 4082.   Submitted July 15, 1925.   Decided October 21, 1925.

1. Where a corporation was incorporated in 1917 and acquired from a predecessor during that year assets upon which its invested capital is based, its invested capital for 1917 is to be computed under section 208 of the Revenue Act of 1917, and the computation rests not alone upon what the taxpayer's books and records show, but also upon the nature of the transactions involved in the transfer of the property acquired for stock.

2. A petition alleging error in the determination of the Commissioner must set forth the basis of such determination and the facts which, if true, would establish the case of the taxpayer.

*A. H. Murray, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits tax for the year 1917 in the amount of $773.98.

OPINION.

JAMES: Within the time provided by the rules of the Board for the filing of an answer by the Commissioner to the petition of the taxpayer, the Commissioner filed the following motion:

Now comes the Commissioner of Internal Revenue by his attorney A. W. Gregg, and moves that the petition of the above-named taxpayer heretofore filed, be dismissed for the reason that it fails to state a cause of action in that it fails to set forth any facts which, if true, would prove that the proposed assessment of tax set forth in the Commissioner's sixty-day letter is erroneous.

The taxpayer was served with a copy of this motion on June 10, 1925, and notified that hearing thereon would be had at the Board's Washington office on July 15, 1925. In reply the Board was advised by telegram that there would be no appearance for the taxpayer, in person or by counsel, at the hearing, but that a brief of objections on the motion for dismissal was being mailed.

At the call of the day calendar no appearance was entered for the taxpayer, and counsel for the Commissioner was heard on the motion.

The taxpayer's allegations of fact, as set forth in paragraph 5 of the petition, are as follows:

(A) The taxpayer's records properly show the amount of the invested capital of the taxpayer, as evidenced by the records available, including ledger sheets, minutes of the corporation and affidavits of the interested parties. The conclusions drawn by the revenue department are not based upon the facts but represent opinions not analogous to the records and are clearly refuted in the information previously submitted to the Commissioner of Internal Revenue.

(B) In respect to subparagraph B of paragraph 4 hereof: The deduction of $7,469.48 for losses on bad debts sustained in 1917 are in accordance with the records of the company, although detailed records are not available. The amount is reasonable, based upon the average situation of the taxpayer as evidenced by his records and the mere fact that the detailed records are not available should not be a basis for disallowing this deduction. The Commissioner has stated that the loss of $7,469.48 is in addition to the Reserve for Bad Debts set up amounting to $14,545.26, which combined would represent a total of over $22,000.00 of bad debt losses sustained in 1917. The Commissioner further states that this total is too high and in view of the fact that $14,545.26 for bad debt losses has been allowed, the amount of $7,469.48 will be disallowed. In fact, however, only the amount of $7,469.48 was deducted on the tax return for 1917, the amount of $14,545.26 being the subject of a surplus charge and accordingly the loss of but $7,469.48 for the calendar year 1917 is a reasonable deduction and should be allowed.

It appears from the allegations of error set forth in the taxpayer's petition, but not from the allegations of fact, that the taxpayer was

incorporated some time in 1917 and acquired the assets upon which its invested capital is based from a predecessor company during that year. If this be true, then section 208 of the Revenue Act of 1917 applies to the taxpayer's computation of invested capital, and the problem of computation rests not alone upon what the books and records of the taxpayer show, but also upon the nature of the transactions involved in the transfer of the property acquired by the taxpayer for stock. Moreover, the basis for the determination of the Commissioner that the invested capital of the taxpayer can not be satisfactorily determined is not set forth, and all the allegations in paragraph 5 (A) of the petition are in effect conclusions and not facts. Paragraph 5 (A) is clearly insufficient to raise any issue of fact in the appeal.

As respects paragraph 5 (B), it is perhaps sufficient to say that nowhere are facts alleged which indicate that $7,459.48, or any other amount, represented bad debts either ascertained to be worthless or charged off on the books of the taxpayer during the taxable year.

The petition of the taxpayer is clearly insufficient to raise any justiciable question of fact. The motion of the Commissioner to dismiss must be granted and the appeal dismissed.